# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NORMA PELLEGRIN AND MARK PELLEGRIN, | Civil Action No.  26-cv-830 |
| Plaintiffs, | |
| vs. | |
| ZOLL MEDICAL CORPORATION, | |
| Defendant. | |

## NOTICE OF REMOVAL BY DEFENDANT ZOLL MEDICAL CORPORATION

Please take notice that Defendant ZOLL Medical Corporation ("ZOLL"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this case from the 32nd Judicial District Court of Terrebonne Parish to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, ZOLL states as follows:

## I.     PRELIMINARY MATTERS

1.      On March 4, 2026, Plaintiffs Norma Pellegrin and Mark Pellegrin (collectively "Plaintiffs") filed a lawsuit in the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana entitled as follows: *Norma Pellegrin, et al. vs. ZOLL Medical Corporation*, Case No. 204728 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446, a true and correct copy of the Citation on Petition, Petition for Damages, and the Request for Written Notice is attached hereto as Exhibit A (hereinafter cited as "Petition" or "Pet.").

2.      Plaintiffs served the Petition on ZOLL via process server on ZOLL's registered agent for service of process in Baton Rouge, Louisiana, on March 20, 2026.

3.      Plaintiffs' Petition seeks relief arising from Plaintiff Norma Pellegrin's alleged use of the ZOLL LifeVest® wearable cardioverter defibrillator ("LifeVest"). Plaintiffs purport to assert claims against ZOLL under Louisiana products liability law. (*Id.* ¶¶ 26-27.) Specifically, Plaintiffs allege the LifeVest was (1) unreasonably dangerous in construction or composition, (2) unreasonably dangerous in design, (3) unreasonably dangerous due to inadequate warnings, and (4) unreasonably dangerous due to nonconformity with an express warranty. (*See id.*)

4.      Plaintiffs seek recovery from ZOLL for Ms. Pellegrin's alleged (1) past and future medical expenses, (2) past and future physical pain and suffering, (3) mental anguish and emotional distress, and (4) loss of enjoyment of life and diminished quality of life. (*Id.* ¶ 48.) Plaintiffs also seek recovery from ZOLL for Mr. Pellegrin's alleged loss of consortium, service, and society damages. (*Id.* ¶ 49.)

## II.     GROUNDS FOR REMOVAL

5.      This action is removable because this Court has original subject matter jurisdiction over it. "[A]ny civil action brought in a State court which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1)-(2).

6.      As described below, Plaintiffs' citizenship is diverse from ZOLL's citizenship and the amount in controversy exceeds $75,000.00. As such, this Court has subject matter jurisdiction over this matter.

**A.      Plaintiffs' Citizenship is Diverse from ZOLL's Citizenship**

7.      At the commencement of the State Court Action and upon the date of the filing of this Notice of Removal, Plaintiffs and ZOLL are, and continue to be, citizens of different states for purposes of diversity jurisdiction.

8.      Plaintiffs are domiciled in Terrebonne Parish, Louisiana. (Pet. ¶ 1.) Therefore, Plaintiffs are citizens of the State of Louisiana.

9.      For purposes of federal diversity jurisdiction, a corporation, such as ZOLL, is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, Ltd.*, 757 F.3d 481, 484 (5th Cir. 2014).

10.      ZOLL is a Massachusetts corporation organized and existing under the laws of the State of Massachusetts with its principal place of business located at 269 Mill Road, Chelmsford, MA 01824. As ZOLL is incorporated and has its principal place of business in Massachusetts, ZOLL is a citizen of the State of Massachusetts.

11.      Accordingly, there is complete diversity of citizenship between Plaintiffs and ZOLL, because they are citizens of different states, Louisiana and Massachusetts, respectively.

**B.       The Amount in Controversy Exceeds $75,000**

12.      Plaintiffs claim Ms. Pellegrin suffered serious injuries and damages as a result of the alleged condition of ZOLL's LifeVest. (*See* Pet.)

13.      Plaintiffs allege that LifeVest delivered two inappropriate shocks to Ms. Pellegrin, causing Ms. Pellegrin's neck to snap forward and severe pain in her cervical spine and neck. (*Id.* ¶¶ 11-14.)

14.　　Ms. Pellegrin purportedly sought emergency treatment as a result of the alleged inappropriate shocks delivered by LifeVest. (*Id.* ¶ 15.)

15.　　Ms. Pellegrin alleges the inappropriate defibrillations acutely exacerbated a previously existing cervical spine condition and caused traumatic injury. (*Id.* ¶ 20.) Subsequent imaging allegedly documented "multilevel cervical pathology, including disc bulges and herniations with canal and foraminal stenosis." (*Id.* ¶ 21.) Ms. Pellegrin further alleges she underwent a cervical interlaminar epidural steroid injection at the C7-T1 Level under intravenous sedation as a result of the allegedly inappropriate LifeVest defibrillation. (*Id.* ¶ 22.)

16.　　Plaintiffs seek damages for Ms. Pellegrin for (1) past and future medical expenses, (2) past and future physical pain and suffering, (3) mental anguish and emotional distress, and (4) loss of enjoyment of life and diminished quality of life. (*Id.* ¶ 48.)

17.　　Plaintiffs further seek damages for Mr. Pellegrin for loss of consortium, service, and society damages as a result of the injuries to his spouse. (*Id.* ¶ 49.)

18.　　Given the nature of the injuries and damages alleged, including alleged traumatic injury to Ms. Pellegrin's cervical spine, which allegedly required emergency treatment and an epidural steroid injection, and the fact that Plaintiffs seek damages for past and future medical expenses, past and future physical pain and suffering, mental anguish and emotional distress, loss of enjoyment of life and diminished quality of life, and loss of consortium, it is facially apparent from the Petition that Plaintiffs are demanding an amount, exclusive of interest and costs, in excess of the jurisdictional minimum set forth in 28 U.S.C. § 1332. *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000).

19.　　Further, on April 14, 2026, undersigned counsel conferred with Plaintiffs' counsel by telephone and electronic mail and inquired whether Plaintiffs would stipulate that their

damages do not exceed $75,000, exclusive of exclusive of interest and costs. See <u>Exhibit C.</u>

Plaintiffs' counsel agreed to provide an answer by Friday, April 17, 2026. As of this filing,

Plaintiffs' counsel has not provided Plaintiffs' position on the proposed stipulation and has not

agreed that Plaintiff's damages do not exceed $75,000, exclusive of exclusive of interest and

costs.

20.    Accordingly, this Honorable Court has original jurisdiction over the claims in

Plaintiffs' Petition pursuant to the provisions of 28 U.S.C. § 1332, because there is complete

diversity of citizenship between the named parties and the amount in controversy exceeds

$75,000.00.

**III.    TIMELINESS**

21.    This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) as

it was filed within thirty (30) days after March 20, 2026, the date ZOLL was served with the

Petition and first ascertained that the matter is removable. 28 U.S.C. § 1446(b); Fed. R. Civ. P.

6(a)(1)(B)-(C).

22.    In accordance with 28 U.S.C. § 1446(c), this case has been on file for less than

one (1) year.

**IV.    VENUE**

23.    Plaintiffs' action is pending in the 32nd Judicial District Court of Terrebonne

Parish, which is within this judicial district. *See* 28 U.S.C. § 98. Thus, this Court is the proper

venue for removal pursuant to 28 U.S.C. § 1441(a).

**V.    NOTICE**

24.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiffs and a copy of the Notice of Removal will be filed with the Clerk of the 32nd Judicial District Court of Terrebonne Parish.

## VI.     MISCELLANEOUS

25.     A copy of all process, pleadings, and orders served upon ZOLL are attached as Exhibit A. A copy of the docket page from the State Court Action is attached as Exhibit B.

26.     As of this filing, ZOLL is the sole defendant in the State Court Action. Thus, ZOLL is not required to obtain the consent to removal from any other defendant.

## VII.    CONCLUSION

27.     Wherefore, ZOLL hereby removes Case No. 204728 from the 32nd Judicial District Court of Terrebonne Parish to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, where it shall proceed as if this case had been originally filed in this Court.

Dated: April 20, 2026                    Respectfully submitted,

                                         LISKOW & LEWIS, APLC

                                         By:     /s/ Michael C. Mims
                                                 Michael C. Mims, T.A. (#33991)
                                                 Brady M. Hadden (#37708)
                                                 Alec Andrade (#38659)
                                                 701 Poydras Street, Suite 5000
                                                 New Orleans, LA 70139
                                                 Telephone: (504) 581-7979
                                                 Telefax: (504) 556-4108
                                                 E-mail: mmims@liskow.com

                                         **Counsel for Defendant ZOLL Medical Corporation**

**<u>CERTIFICATION</u>**

I hereby certify that on this 20th day of April 2026, a copy of the foregoing and proposed order was served on all parties of record electronically via their email address designated for service.

/s/ Michael C. Mims