## CITATION ON PETITION

| | | |
|---|---|---|
| PELLEGRIN, NORMA |  | Civil Case: 0204728 |
| | | Division: D |
| Versus | | 32nd Judicial District Court |
| | | Parish of Terrebonne |
| ZOLL MEDICAL CORPORATION | | State of Louisiana |

### A RESIDENT OF EAST BATON ROUGE PARISH

TO:    ZOLL MEDICAL CORPORATION
THROUGH ITS AGENT FOR SERVICE OF PROCESS
CORPORATION SERVICE COMPANY
450 LAUREL STREET, 8TH FLOOR
BATON ROUGE, LA 70801

You are named as a defendant in the above captioned matter.  Attached to this citation is a:

☒ **Certified Copy of Original Petition**

☐ **Certified Copy of Amended Petition**

☐ **Discovery Request**

The petition was filed into this office on MARCH 4, 2026.

**YOU ARE NOTIFIED** that you must either comply with the demand contained in the attached petition or make an appearance either by filing an answer or other pleading in the 32nd Judicial District Court located at 7856 Main St., Houma, LA 70360 (P. 0. Box 1569, Houma, LA 70361) within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.
C. The Court may grant additional time for answering.

### THE CLERK OF COURT'S OFFICE CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the 32nd Judicial District Court, Parish of Terrebonne, on the 12TH day of MARCH, 2026.

JODIE P. BURTON
CLERK OF COURT

By:  _Candance M Voisin_
Deputy Clerk of Court

**Requested by:** MR. GERALD F. ARCENEAUX
ATTORNEY AT LAW
P.O. BOX 848
BOURG, LA 70343 (985) 594-4199

**Returned and Filed**

RECEIVED

i.... .... ....

E.B.R. SHERIFF'S OFFICE

_____
Deputy Clerk of Court

[ SERVICE ]

NORMA PELLEGRIN AND
MARK PELLEGRIN

VS. NO. _*2O4728*_

ZOLL MEDICAL CORPORATION

FILED:___**MAR 0 4 2026**___

32ND JUDICIAL DISTRICT COURT

PARISH OF TERREBONNE

STATE OF LOUISIANA
**/S/ CHERYL L. BERGERON**

**DEPUTY CLERK**

## PETITION FOR DAMAGES

Plaintiffs, Norma Pellegrin and Mark Pellegrin, complaining of the defendant, respectfully alleges and represents as follows:

### Parties, Jurisdiction, and Venue

1.

Plaintiffs, Norma Pellegrin and Mark Pellegrin, are persons of the full age of majority domiciled in Terrebonne Parish, Louisiana.

2.

Plaintiff Mark Pellegrin is the husband of Plaintiff Norma Pellegrin.

3.

Defendant, Zoll Medical Corporation ("Zoll"), is a corporation organized under the laws of Massachusetts and is a manufacturer and seller of the medical device at issue.

4.

This Court has subject matter jurisdiction over this civil action.

5.

This Court has personal jurisdiction over Zoll because Zoll placed the product at issue into the stream of commerce for use in Louisiana and the injuries occurred in Louisiana.

6.

Venue is proper in Terrebonne Parish because Plaintiffs sustained damages in this parish and Plaintiffs are domiciled here.

### Factual Allegations

7.

Zoll manufactures, designs, markets, and distributes the LifeVest wearable cardioverter defibrillator (the "LifeVest").

*Page 1 of 6*

DAVID W. ARCENEAUX
JUDGE - DIVISION D

8.

Zoll placed the LifeVest into commerce for use by patients in Louisiana.

9.

Plaintiff Norma Pellegrin is a 75-year-old woman with a history of cardiac disease, including a non-ST elevation myocardial infarction with heart failure.

10.

Norma Pellegrin was prescribed and used the LifeVest as part of her cardiac care.

11.

On or about March 5, 2025, while entering cardiac rehabilitation, the LifeVest malfunctioned and delivered an inappropriate discharge.

12.

During the malfunction, the LifeVest discharged with force, causing Norma Pellegrin's neck to snap forward.

13.

The device then delivered an additional discharge, causing a separate jolt to her body.

14.

Norma Pellegrin immediately experienced severe pain in her cervical spine and neck.

15.

She sought emergency medical care on March 5, 2025, at Thibodaux Regional Health System for evaluation following the defibrillator discharge.

16.

She was evaluated by her cardiologist on March 12, 2025, at the Cardiovascular Institute of the South in Houma, Louisiana.

17.

The medical records from the cardiology visit on March 12, 2025 visit explicitly document that Norma Pellegrin "had defective lifevest that discharged on her while entering cardiac rehab."

18.

The medical records further state "inappropriate life vest discharge + defective life vest."

19.

Prior to March 5, 2025, Norma Pellegrin had chronic neck pain and a history of cervical spine surgery at C5-6.

20.

The March 5, 2025 malfunction acutely exacerbated her cervical spine condition and caused traumatic injury.

21.

Subsequent imaging documented multilevel cervical pathology, including disc bulges and herniations with canal and foraminal stenosis.

22.

On July 7, 2025, Norma Pellegrin underwent a cervical interlaminar epidural steroid injection at the C7–T1 level under intravenous sedation at Southern Surgical Center in Gray, Louisiana.

23.

At all relevant times, Norma Pellegrin used the LifeVest as intended, as prescribed, and in a reasonably anticipated manner.

24.

The LifeVest was defective when it left Zoll's control.

25.

The LifeVest's defective condition was a cause-in-fact and legal cause of Norma Pellegrin's injuries and damages .

### Cause of Action Under Louisiana Products Liability Law

26.

Plaintiffs bring these claims against Zoll as the manufacturer of the LifeVest under Louisiana products liability law, which provides the exclusive theories of recovery against a manufacturer for damage caused by its product .

27.

A manufacturer is liable when a product is unreasonably dangerous in one of the recognized categories and the unreasonably dangerous condition proximately causes damage arising from a reasonably anticipated use.

### Count I — Unreasonably Dangerous in Construction or Composition

28.

Plaintiffs re-allege the foregoing paragraphs.

29.

The LifeVest deviated from its intended design or from otherwise identical products manufactured by Zoll, rendering it unreasonably dangerous in construction or composition.

30.

The defect existed at the time the LifeVest left Zoll's control.

31.

During reasonably anticipated use on March 5, 2025, the LifeVest malfunctioned and delivered an inappropriate discharge, causing traumatic force to Norma Pellegrin's cervical spine.

32.

This manufacturing defect was a proximate cause of Norma Pellegrin's injuries and damages.

## Count II — Unreasonably Dangerous in Design

33.

Plaintiffs re-allege the foregoing paragraphs.

34.

The LifeVest's design created an unreasonable risk of inappropriate discharge and resulting physical trauma during normal, reasonably anticipated use.

35.

A feasible alternative design existed that would have prevented or materially reduced the risk of inappropriate discharge and resulting injury, and the alternative design's burden did not outweigh its benefits.

36.

The design defect existed when the LifeVest left Zoll's control.

37.

The design defect was a proximate cause of Norma Pellegrin's injuries and damages.

## Count III — Unreasonably Dangerous Because of Inadequate Warning

38.

Plaintiffs re-allege the foregoing paragraphs.

39.

The LifeVest was unreasonably dangerous because Zoll failed to provide adequate warnings and instructions to users and prescribing physicians regarding the risk of inappropriate

discharge and resulting physical trauma.

40.

The inadequate warning existed at the time the LifeVest left Zoll's control.

41.

Had adequate warnings been provided, Norma Pellegrin and/or her physicians would have taken additional precautions, altered use, or selected an alternative therapy, and the injury would have been avoided or mitigated.

42.

The failure to warn was a proximate cause of Norma Pellegrin's injuries and damages.

**Count IV — Unreasonably Dangerous Because of Nonconformity to Express Warranty**

43.

Plaintiffs re-allege the foregoing paragraphs.

44.

Zoll made express representations about the LifeVest's safety, performance, and suitability for its intended purpose.

45.

The LifeVest failed to conform to Zoll's express representations, rendering it unreasonably dangerous.

46.

The nonconformity existed when the LifeVest left Zoll's control.

47.

The nonconformity was a proximate cause of Norma Pellegrin's injuries and damages .

Damages

48.

As a result of the March 5, 2025 incident, Norma Pellegrin has sustained damages including, but not limited to:

a. Past and future medical expenses.

b. Past and future physical pain and suffering.

c. Mental anguish and emotional distress.

d. Loss of enjoyment of life and diminished quality of life.

49.

Plaintiff Mark Pellegrin has sustained loss of consortium, service, and society damages as a result of the injuries to his spouse.

### Prayer for Relief

**WHEREFORE,** Plaintiffs, Norma Pellegrin and Mark Pellegrin, pray that Defendant, Zoll Medical Corporation, be duly cited and served and that, after due proceedings, there be judgment in favor of Plaintiffs and against Defendant for all damages proven at trial, together with legal interest and all costs, and for all general and equitable relief to which Plaintiffs are entitled.

Respectfully submitted,

GERALD F. ARCENEAUX, APLC

GERALD F. ARCENEAUX (#28866)
Post Office Box 848
Bourg, LA 70343-0848
Telephone: (985) 594-4199
Facsimile: (985) 594-1212
Email: geraldarceneaux@outlook.com

*Counsel for Plaintiffs,*
*Norma and Mark Pellegrin*

**PLEASE SERVE:**

**ZOLL MEDICAL CORPORATION**
**Through its agent for service of process**
**Corporation Service Company**
**450 Laurel Street, 8th Floor**
**Baton Rouge, LA 70801**

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA
LA. **MAR 1 2 2026** , 20____
BY_____
Deputy Clerk of Court

FILED

MAR 0 4 2026
/S/ CHERYL L. BERGERON
DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

| | |
|---|---|
| NORMA PELLEGRIN AND<br>MARK PELLEGRIN | 32ND JUDICIAL DISTRICT COURT |
| VS. NO. _____*204738*_____ | PARISH OF TERREBONNE |
| ZOLL MEDICAL CORPORATION | STATE OF LOUISIANA |
| FILED:_____ | _____<br>DEPUTY CLERK |

## REQUEST FOR WRITTEN NOTICE

**NOW COMES PLAINTIFFS**, Norma Pellegrin and Mark Pellegrin, in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, request the Clerk to give the undesigned a ten (10) day notice of signing of any Order of Judgment herein.

Plaintiffs also request written notice of the trial date set for the above-captioned case, or the date set for trial of any pleading or motions therein, at least ten (10) days before any trial date, pursuant to Article 1572 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

GERALD F. ARCENEAUX, APLC

GERALD F. ARCENEAUX (#28866)
Post Office Box 848
Bourg, LA 70343-0848
Telephone: (985) 594-4199
Facsimile: (985) 594-1212
Email: geraldarceneaux@outlook.com

*Counsel for Plaintiffs,*
*Norma and Mark Pellegrin*

# FILED

**MAR 0 4 2026**
**/S/ CHERYL L. BERGERON**

DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

*Page 1 of 1*