# CITATION ON PETITION

| | | |
|---|---|---|
| *PELLEGRIN, NORMA* |  | *Civil Case: 0204728* |
| | | *Division: D* |
| *Versus* | | *32nd Judicial District Court* |
| | | *Parish of Terrebonne* |
| *ZOLL MEDICAL CORPORATION* | | *State of Louisiana* |

## A RESIDENT OF EAST BATON ROUGE PARISH

TO:  ZOLL MEDICAL CORPORATION
THROUGH ITS AGENT FOR SERVICE OF PROCESS
CORPORATION SERVICE COMPANY
450 LAUREL STREET, 8TH FLOOR
BATON ROUGE, LA 70801

You are named as a defendant in the above captioned matter.  Attached to this citation is a:

☒ **Certified Copy of Original Petition**
☐ **Certified Copy of Amended Petition**
☐ **Discovery Request**

The petition was filed into this office on MARCH 4, 2026.

**YOU ARE NOTIFIED** that you must either comply with the demand contained in the attached petition or make an appearance either by filing an answer or other pleading in the 32nd Judicial District Court located at 7856 Main St., Houma, LA 70360 (P. 0. Box 1569, Houma, LA 70361) within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.
C. The Court may grant additional time for answering.

## THE CLERK OF COURT'S OFFICE CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the 32nd Judicial District Court, Parish of Terrebonne, on the 12TH day of MARCH, 2026.

JODIE P. BURTON
CLERK OF COURT

By: _candance M voisin_
Deputy Clerk of Court

**Requested by:** MR. GERALD F. ARCENEAUX
ATTORNEY AT LAW
P.O. BOX 848
BOURG, LA 70343 (985) 594-4199

**Returned and Filed**

RECEIVED

Marh 12 2026

E.B.R. SHERIFF'S OFFICE

_____
**Deputy Clerk of Court**

[ SERVICE ]

NORMA PELLEGRIN AND
MARK PELLEGRIN

VS. NO. _____ *204728*

ZOLL MEDICAL CORPORATION

FILED: ____ MAR 0 4 2026 ____

32ND JUDICIAL DISTRICT COURT

PARISH OF TERREBONNE

STATE OF LOUISIANA
/S/ CHERYL L. BERGERON
DEPUTY CLERK

## PETITION FOR DAMAGES

Plaintiffs, Norma Pellegrin and Mark Pellegrin, complaining of the defendant, respectfully alleges and represents as follows:

### Parties, Jurisdiction, and Venue

1.

Plaintiffs, Norma Pellegrin and Mark Pellegrin, are persons of the full age of majority domiciled in Terrebonne Parish, Louisiana.

2.

Plaintiff Mark Pellegrin is the husband of Plaintiff Norma Pellegrin.

3.

Defendant, Zoll Medical Corporation ("Zoll"), is a corporation organized under the laws of Massachusetts and is a manufacturer and seller of the medical device at issue.

4.

This Court has subject matter jurisdiction over this civil action.

5.

This Court has personal jurisdiction over Zoll because Zoll placed the product at issue into the stream of commerce for use in Louisiana and the injuries occurred in Louisiana.

6.

Venue is proper in Terrebonne Parish because Plaintiffs sustained damages in this parish and Plaintiffs are domiciled here.

### Factual Allegations

7.

Zoll manufactures, designs, markets, and distributes the LifeVest wearable cardioverter defibrillator (the "LifeVest").

*Page 1 of 6*                   DAVID W. ARCENEAUX
                               JUDGE - DIVISION D

8.

Zoll placed the LifeVest into commerce for use by patients in Louisiana.

9.

Plaintiff Norma Pellegrin is a 75-year-old woman with a history of cardiac disease, including a non-ST elevation myocardial infarction with heart failure.

10.

Norma Pellegrin was prescribed and used the LifeVest as part of her cardiac care.

11.

On or about March 5, 2025, while entering cardiac rehabilitation, the LifeVest malfunctioned and delivered an inappropriate discharge.

12.

During the malfunction, the LifeVest discharged with force, causing Norma Pellegrin's neck to snap forward.

13.

The device then delivered an additional discharge, causing a separate jolt to her body.

14.

Norma Pellegrin immediately experienced severe pain in her cervical spine and neck.

15.

She sought emergency medical care on March 5, 2025, at Thibodaux Regional Health System for evaluation following the defibrillator discharge.

16.

She was evaluated by her cardiologist on March 12, 2025, at the Cardiovascular Institute of the South in Houma, Louisiana.

17.

The medical records from the cardiology visit on March 12, 2025 visit explicitly document that Norma Pellegrin "had defective lifevest that discharged on her while entering cardiac rehab."

18.

The medical records further state "inappropriate life vest discharge + defective life vest."

19.

Prior to March 5, 2025, Norma Pellegrin had chronic neck pain and a history of cervical spine surgery at C5-6.

20.

The March 5, 2025 malfunction acutely exacerbated her cervical spine condition and caused traumatic injury.

21.

Subsequent imaging documented multilevel cervical pathology, including disc bulges and herniations with canal and foraminal stenosis.

22.

On July 7, 2025, Norma Pellegrin underwent a cervical interlaminar epidural steroid injection at the C7–T1 level under intravenous sedation at Southern Surgical Center in Gray, Louisiana.

23.

At all relevant times, Norma Pellegrin used the LifeVest as intended, as prescribed, and in a reasonably anticipated manner.

24.

The LifeVest was defective when it left Zoll's control.

25.

The LifeVest's defective condition was a cause-in-fact and legal cause of Norma Pellegrin's injuries and damages .

### Cause of Action Under Louisiana Products Liability Law

26.

Plaintiffs bring these claims against Zoll as the manufacturer of the LifeVest under Louisiana products liability law, which provides the exclusive theories of recovery against a manufacturer for damage caused by its product .

27.

A manufacturer is liable when a product is unreasonably dangerous in one of the recognized categories and the unreasonably dangerous condition proximately causes damage arising from a reasonably anticipated use.

### Count I — Unreasonably Dangerous in Construction or Composition

28.

Plaintiffs re-allege the foregoing paragraphs.

29.

The LifeVest deviated from its intended design or from otherwise identical products manufactured by Zoll, rendering it unreasonably dangerous in construction or composition.

30.

The defect existed at the time the LifeVest left Zoll's control.

31.

During reasonably anticipated use on March 5, 2025, the LifeVest malfunctioned and delivered an inappropriate discharge, causing traumatic force to Norma Pellegrin's cervical spine.

32.

This manufacturing defect was a proximate cause of Norma Pellegrin's injuries and damages.

## Count II — Unreasonably Dangerous in Design

33.

Plaintiffs re-allege the foregoing paragraphs.

34.

The LifeVest's design created an unreasonable risk of inappropriate discharge and resulting physical trauma during normal, reasonably anticipated use.

35.

A feasible alternative design existed that would have prevented or materially reduced the risk of inappropriate discharge and resulting injury, and the alternative design's burden did not outweigh its benefits.

36.

The design defect existed when the LifeVest left Zoll's control.

37.

The design defect was a proximate cause of Norma Pellegrin's injuries and damages.

## Count III — Unreasonably Dangerous Because of Inadequate Warning

38.

Plaintiffs re-allege the foregoing paragraphs.

39.

The LifeVest was unreasonably dangerous because Zoll failed to provide adequate warnings and instructions to users and prescribing physicians regarding the risk of inappropriate

discharge and resulting physical trauma.

40.

The inadequate warning existed at the time the LifeVest left Zoll's control.

41.

Had adequate warnings been provided, Norma Pellegrin and/or her physicians would have taken additional precautions, altered use, or selected an alternative therapy, and the injury would have been avoided or mitigated.

42.

The failure to warn was a proximate cause of Norma Pellegrin's injuries and damages.

### Count IV — Unreasonably Dangerous Because of Nonconformity to Express Warranty

43.

Plaintiffs re-allege the foregoing paragraphs.

44.

Zoll made express representations about the LifeVest's safety, performance, and suitability for its intended purpose.

45.

The LifeVest failed to conform to Zoll's express representations, rendering it unreasonably dangerous.

46.

The nonconformity existed when the LifeVest left Zoll's control.

47.

The nonconformity was a proximate cause of Norma Pellegrin's injuries and damages .

Damages

48.

As a result of the March 5, 2025 incident, Norma Pellegrin has sustained damages including, but not limited to:

a. Past and future medical expenses.

b. Past and future physical pain and suffering.

c. Mental anguish and emotional distress.

d. Loss of enjoyment of life and diminished quality of life.

49.

Plaintiff Mark Pellegrin has sustained loss of consortium, service, and society damages as a result of the injuries to his spouse.

### Prayer for Relief

**WHEREFORE**, Plaintiffs, Norma Pellegrin and Mark Pellegrin, pray that Defendant, Zoll Medical Corporation, be duly cited and served and that, after due proceedings, there be judgment in favor of Plaintiffs and against Defendant for all damages proven at trial, together with legal interest and all costs, and for all general and equitable relief to which Plaintiffs are entitled.

Respectfully submitted,

GERALD F. ARCENEAUX, APLC

GERALD F. ARCENEAUX (#28866)
Post Office Box 848
Bourg, LA 70343-0848
Telephone: (985) 594-4199
Facsimile: (985) 594-1212
Email: geraldarceneaux@outlook.com

*Counsel for Plaintiffs,*
*Norma and Mark Pellegrin*

**PLEASE SERVE:**

**ZOLL MEDICAL CORPORATION**
**Through its agent for service of process**
**Corporation Service Company**
**450 Laurel Street, 8th Floor**
**Baton Rouge, LA 70801**

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA
LA. **MAR 1 2 2026** , 20____
BY_____
Deputy Clerk of Court

FILED

MAR 0 4 2026
**/S/ CHERYL L. BERGERON**
DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

NORMA PELLEGRIN AND
MARK PELLEGRIN

VS. NO. _____*2O4728*_____

ZOLL MEDICAL CORPORATION

FILED:_____

32ND JUDICIAL DISTRICT COURT

PARISH OF TERREBONNE

STATE OF LOUISIANA

_____
DEPUTY CLERK

## REQUEST FOR WRITTEN NOTICE

**NOW COMES PLAINTIFFS**, Norma Pellegrin and Mark Pellegrin, in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, request the Clerk to give the undesigned a ten (10) day notice of signing of any Order of Judgment herein.

Plaintiffs also request written notice of the trial date set for the above-captioned case, or the date set for trial of any pleading or motions therein, at least ten (10) days before any trial date, pursuant to Article 1572 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

GERALD F. ARCENEAUX, APLC

GERALD F. ARCENEAUX (#28866)
Post Office Box 848
Bourg, LA 70343-0848
Telephone: (985) 594-4199
Facsimile: (985) 594-1212
Email: geraldarceneaux@outlook.com

*Counsel for Plaintiffs,*
*Norma and Mark Pellegrin*

FILED

MAR 0 4 2026
/S/ CHERYL L. BERGERON

DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

*Page 1 of 1*

**32ND JUDICIAL DISTRICT COURT**

**PARISH OF TERREBONNE, STATE OF LOUISIANA**

| | |
|---|---|
| NORMA PELLEGRIN AND MARK PELLEGRIN, | Civil Action No.  204728 |
| Plaintiffs, | |
| vs. | |
| ZOLL MEDICAL CORPORATION, | |
| Defendant. | |

---

## DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on this date Defendant ZOLL Medical Corporation filed a Notice of Removal of this Action to the United States District Court for the Eastern District of Louisiana. A Copy of the Notice of Removal is attached hereto as Exhibit A.

Pursuant to 28 U.S.C. § 1446(d), the filing of this Notice of Filing of Notice of Removal with the Clerk of this Court effects the removal of this Action from the State Court to the United States District Court, "and the State Court shall proceed no further unless and until the case is remanded."

Dated: April 20, 2026

Respectfully submitted,

LISKOW & LEWIS, APLC

By:     /s/ Michael C. Mims
        Michael C. Mims, T.A. (#33991)
        Brady M. Hadden (#37708)
        Alec Andrade (#38659)
        701 Poydras Street, Suite 5000
        New Orleans, LA 70139
        Telephone: (504) 581-7979
        Telefax: (504) 556-4108
        E-mail: mmims@liskow.com
        **Counsel for Defendant ZOLL Medical Corporation**

## CERTIFICATION

I hereby certify that on this 20th day of April 2026, a copy of the foregoing and proposed order was served on all parties of record electronically via their email address designated for service.

/s/ Michael C. Mims

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NORMA PELLEGRIN AND MARK PELLEGRIN, | Civil Action No.  26-cv-830 |
| Plaintiffs, | |
| vs. | |
| ZOLL MEDICAL CORPORATION, | |
| Defendant. | |

## NOTICE OF REMOVAL BY DEFENDANT ZOLL MEDICAL CORPORATION

Please take notice that Defendant ZOLL Medical Corporation ("ZOLL"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this case from the 32nd Judicial District Court of Terrebonne Parish to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, ZOLL states as follows:

## I.    PRELIMINARY MATTERS

1.    On March 4, 2026, Plaintiffs Norma Pellegrin and Mark Pellegrin (collectively "Plaintiffs") filed a lawsuit in the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana entitled as follows: *Norma Pellegrin, et al. vs. ZOLL Medical Corporation*, Case No. 204728 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446, a true and correct copy of the Citation on Petition, Petition for Damages, and the Request for Written Notice is attached hereto as <u>Exhibit A</u> (hereinafter cited as "Petition" or "Pet.").

2.    Plaintiffs served the Petition on ZOLL via process server on ZOLL's registered agent for service of process in Baton Rouge, Louisiana, on March 20, 2026.

3. Plaintiffs' Petition seeks relief arising from Plaintiff Norma Pellegrin's alleged use of the ZOLL LifeVest® wearable cardioverter defibrillator ("LifeVest"). Plaintiffs purport to assert claims against ZOLL under Louisiana products liability law. (*Id.* ¶¶ 26-27.) Specifically, Plaintiffs allege the LifeVest was (1) unreasonably dangerous in construction or composition, (2) unreasonably dangerous in design, (3) unreasonably dangerous due to inadequate warnings, and (4) unreasonably dangerous due to nonconformity with an express warranty. (*See id.*)

4. Plaintiffs seek recovery from ZOLL for Ms. Pellegrin's alleged (1) past and future medical expenses, (2) past and future physical pain and suffering, (3) mental anguish and emotional distress, and (4) loss of enjoyment of life and diminished quality of life. (*Id.* ¶ 48.) Plaintiffs also seek recovery from ZOLL for Mr. Pellegrin's alleged loss of consortium, service, and society damages. (*Id.* ¶ 49.)

## II.     GROUNDS FOR REMOVAL

5. This action is removable because this Court has original subject matter jurisdiction over it. "[A]ny civil action brought in a State court which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1)-(2).

6. As described below, Plaintiffs' citizenship is diverse from ZOLL's citizenship and the amount in controversy exceeds $75,000.00. As such, this Court has subject matter jurisdiction over this matter.

**A.      Plaintiffs' Citizenship is Diverse from ZOLL's Citizenship**

7.      At the commencement of the State Court Action and upon the date of the filing of this Notice of Removal, Plaintiffs and ZOLL are, and continue to be, citizens of different states for purposes of diversity jurisdiction.

8.      Plaintiffs are domiciled in Terrebonne Parish, Louisiana. (Pet. ¶ 1.) Therefore, Plaintiffs are citizens of the State of Louisiana.

9.      For purposes of federal diversity jurisdiction, a corporation, such as ZOLL, is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, Ltd.*, 757 F.3d 481, 484 (5th Cir. 2014).

10.      ZOLL is a Massachusetts corporation organized and existing under the laws of the State of Massachusetts with its principal place of business located at 269 Mill Road, Chelmsford, MA 01824. As ZOLL is incorporated and has its principal place of business in Massachusetts, ZOLL is a citizen of the State of Massachusetts.

11.      Accordingly, there is complete diversity of citizenship between Plaintiffs and ZOLL, because they are citizens of different states, Louisiana and Massachusetts, respectively.

**B.      The Amount in Controversy Exceeds $75,000**

12.      Plaintiffs claim Ms. Pellegrin suffered serious injuries and damages as a result of the alleged condition of ZOLL's LifeVest. (*See* Pet.)

13.      Plaintiffs allege that LifeVest delivered two inappropriate shocks to Ms. Pellegrin, causing Ms. Pellegrin's neck to snap forward and severe pain in her cervical spine and neck. (*Id.* ¶¶ 11-14.)

14.     Ms. Pellegrin purportedly sought emergency treatment as a result of the alleged inappropriate shocks delivered by LifeVest. (*Id.* ¶ 15.)

15.     Ms. Pellegrin alleges the inappropriate defibrillations acutely exacerbated a previously existing cervical spine condition and caused traumatic injury. (*Id.* ¶ 20.) Subsequent imaging allegedly documented "multilevel cervical pathology, including disc bulges and herniations with canal and foraminal stenosis." (*Id.* ¶ 21.) Ms. Pellegrin further alleges she underwent a cervical interlaminar epidural steroid injection at the C7-T1 Level under intravenous sedation as a result of the allegedly inappropriate LifeVest defibrillation. (*Id.* ¶ 22.)

16.     Plaintiffs seek damages for Ms. Pellegrin for (1) past and future medical expenses, (2) past and future physical pain and suffering, (3) mental anguish and emotional distress, and (4) loss of enjoyment of life and diminished quality of life. (*Id.* ¶ 48.)

17.     Plaintiffs further seek damages for Mr. Pellegrin for loss of consortium, service, and society damages as a result of the injuries to his spouse. (*Id.* ¶ 49.)

18.     Given the nature of the injuries and damages alleged, including alleged traumatic injury to Ms. Pellegrin's cervical spine, which allegedly required emergency treatment and an epidural steroid injection, and the fact that Plaintiffs seek damages for past and future medical expenses, past and future physical pain and suffering, mental anguish and emotional distress, loss of enjoyment of life and diminished quality of life, and loss of consortium, it is facially apparent from the Petition that Plaintiffs are demanding an amount, exclusive of interest and costs, in excess of the jurisdictional minimum set forth in 28 U.S.C. § 1332. *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000).

19.     Further, on April 14, 2026, undersigned counsel conferred with Plaintiffs' counsel by telephone and electronic mail and inquired whether Plaintiffs would stipulate that their

damages do not exceed $75,000, exclusive of exclusive of interest and costs. See <u>Exhibit C.</u>

Plaintiffs' counsel agreed to provide an answer by Friday, April 17, 2026. As of this filing,

Plaintiffs' counsel has not provided Plaintiffs' position on the proposed stipulation and has not

agreed that Plaintiff's damages do not exceed $75,000, exclusive of exclusive of interest and

costs.

20.     Accordingly, this Honorable Court has original jurisdiction over the claims in

Plaintiffs' Petition pursuant to the provisions of 28 U.S.C. § 1332, because there is complete

diversity of citizenship between the named parties and the amount in controversy exceeds

$75,000.00.

### III.     TIMELINESS

21.     This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) as

it was filed within thirty (30) days after March 20, 2026, the date ZOLL was served with the

Petition and first ascertained that the matter is removable. 28 U.S.C. § 1446(b); Fed. R. Civ. P.

6(a)(1)(B)-(C).

22.     In accordance with 28 U.S.C. § 1446(c), this case has been on file for less than

one (1) year.

### IV.     VENUE

23.     Plaintiffs' action is pending in the 32nd Judicial District Court of Terrebonne

Parish, which is within this judicial district. *See* 28 U.S.C. § 98. Thus, this Court is the proper

venue for removal pursuant to 28 U.S.C. § 1441(a).

### V.     NOTICE

24.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiffs and a copy of the Notice of Removal will be filed with the Clerk of the 32nd Judicial District Court of Terrebonne Parish.

## VI.     MISCELLANEOUS

25.     A copy of all process, pleadings, and orders served upon ZOLL are attached as Exhibit A. A copy of the docket page from the State Court Action is attached as Exhibit B.

26.     As of this filing, ZOLL is the sole defendant in the State Court Action. Thus, ZOLL is not required to obtain the consent to removal from any other defendant.

## VII.    CONCLUSION

27.     Wherefore, ZOLL hereby removes Case No. 204728 from the 32nd Judicial District Court of Terrebonne Parish to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, where it shall proceed as if this case had been originally filed in this Court.

Dated: April 20, 2026                          Respectfully submitted,

LISKOW & LEWIS, APLC

By:     /s/ Michael C. Mims
            Michael C. Mims, T.A. (#33991)
            Brady M. Hadden (#37708)
            Alec Andrade (#38659)
            701 Poydras Street, Suite 5000
            New Orleans, LA 70139
            Telephone: (504) 581-7979
            Telefax: (504) 556-4108
            E-mail: mmims@liskow.com

**Counsel for Defendant ZOLL Medical Corporation**

## **CERTIFICATION**

I hereby certify that on this 20th day of April 2026, a copy of the foregoing and proposed order was served on all parties of record electronically via their email address designated for service.

/s/ Michael C. Mims

# CITATION ON PETITION



| | | |
|---|---|---|
| **PELLEGRIN, NORMA** | | *Civil Case: 0204728* |
| | | *Division: D* |
| *Versus* | | *32nd Judicial District Court* |
| | | *Parish of Terrebonne* |
| *ZOLL MEDICAL CORPORATION* | | *State of Louisiana* |

## A RESIDENT OF EAST BATON ROUGE PARISH

TO:  ZOLL MEDICAL CORPORATION
THROUGH ITS AGENT FOR SERVICE OF PROCESS
CORPORATION SERVICE COMPANY
450 LAUREL STREET, 8TH FLOOR
BATON ROUGE, LA 70801

You are named as a defendant in the above captioned matter.  Attached to this citation is a:

☒ **Certified Copy of Original Petition**
☐ **Certified Copy of Amended Petition**
☐ **Discovery Request**

The petition was filed into this office on MARCH 4, 2026.

**YOU ARE NOTIFIED** that you must either comply with the demand contained in the attached petition or make an appearance either by filing an answer or other pleading in the 32nd Judicial District Court located at 7856 Main St., Houma, LA 70360 (P. 0. Box 1569, Houma, LA 70361) within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.
C. The Court may grant additional time for answering.

## THE CLERK OF COURT'S OFFICE CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the 32nd Judicial District Court, Parish of Terrebonne, on the 12TH day of MARCH, 2026.

JODIE P. BURTON
CLERK OF COURT

By: _Candance M Voisin_
Deputy Clerk of Court

**Requested by:** MR. GERALD F. ARCENEAUX
ATTORNEY AT LAW
P.O. BOX 848
BOURG, LA 70343 (985) 594-4199

**Returned and Filed**

RECEIVED

E.B.R. SHERIFF'S OFFICE

_____
**Deputy Clerk of Court**

[ SERVICE ]

NORMA PELLEGRIN AND
MARK PELLEGRIN

VS. NO. _____ 204728

ZOLL MEDICAL CORPORATION

FILED:____ MAR 0 4 2026

32ND JUDICIAL DISTRICT COURT

PARISH OF TERREBONNE

STATE OF LOUISIANA
/S/ CHERYL L. BERGERON
_____
DEPUTY CLERK

## PETITION FOR DAMAGES

Plaintiffs, Norma Pellegrin and Mark Pellegrin, complaining of the defendant, respectfully alleges and represents as follows:

### Parties, Jurisdiction, and Venue

1.

Plaintiffs, Norma Pellegrin and Mark Pellegrin, are persons of the full age of majority domiciled in Terrebonne Parish, Louisiana.

2.

Plaintiff Mark Pellegrin is the husband of Plaintiff Norma Pellegrin.

3.

Defendant, Zoll Medical Corporation ("Zoll"), is a corporation organized under the laws of Massachusetts and is a manufacturer and seller of the medical device at issue.

4.

This Court has subject matter jurisdiction over this civil action.

5.

This Court has personal jurisdiction over Zoll because Zoll placed the product at issue into the stream of commerce for use in Louisiana and the injuries occurred in Louisiana.

6.

Venue is proper in Terrebonne Parish because Plaintiffs sustained damages in this parish and Plaintiffs are domiciled here.

### Factual Allegations

7.

Zoll manufactures, designs, markets, and distributes the LifeVest wearable cardioverter defibrillator (the "LifeVest").

*Page 1 of 6*

DAVID W. ARCENEAUX
JUDGE - DIVISION D

8.

Zoll placed the LifeVest into commerce for use by patients in Louisiana.

9.

Plaintiff Norma Pellegrin is a 75-year-old woman with a history of cardiac disease, including a non-ST elevation myocardial infarction with heart failure.

10.

Norma Pellegrin was prescribed and used the LifeVest as part of her cardiac care.

11.

On or about March 5, 2025, while entering cardiac rehabilitation, the LifeVest malfunctioned and delivered an inappropriate discharge.

12.

During the malfunction, the LifeVest discharged with force, causing Norma Pellegrin's neck to snap forward.

13.

The device then delivered an additional discharge, causing a separate jolt to her body.

14.

Norma Pellegrin immediately experienced severe pain in her cervical spine and neck.

15.

She sought emergency medical care on March 5, 2025, at Thibodaux Regional Health System for evaluation following the defibrillator discharge.

16.

She was evaluated by her cardiologist on March 12, 2025, at the Cardiovascular Institute of the South in Houma, Louisiana.

17.

The medical records from the cardiology visit on March 12, 2025 visit explicitly document that Norma Pellegrin "had defective lifevest that discharged on her while entering cardiac rehab."

18.

The medical records further state "inappropriate life vest discharge + defective life vest."

19.

Prior to March 5, 2025, Norma Pellegrin had chronic neck pain and a history of cervical spine surgery at C5-6.

20.

The March 5, 2025 malfunction acutely exacerbated her cervical spine condition and caused traumatic injury.

21.

Subsequent imaging documented multilevel cervical pathology, including disc bulges and herniations with canal and foraminal stenosis.

22.

On July 7, 2025, Norma Pellegrin underwent a cervical interlaminar epidural steroid injection at the C7–T1 level under intravenous sedation at Southern Surgical Center in Gray, Louisiana.

23.

At all relevant times, Norma Pellegrin used the LifeVest as intended, as prescribed, and in a reasonably anticipated manner.

24.

The LifeVest was defective when it left Zoll's control.

25.

The LifeVest's defective condition was a cause-in-fact and legal cause of Norma Pellegrin's injuries and damages .

**Cause of Action Under Louisiana Products Liability Law**

26.

Plaintiffs bring these claims against Zoll as the manufacturer of the LifeVest under Louisiana products liability law, which provides the exclusive theories of recovery against a manufacturer for damage caused by its product .

27.

A manufacturer is liable when a product is unreasonably dangerous in one of the recognized categories and the unreasonably dangerous condition proximately causes damage arising from a reasonably anticipated use.

**Count I — Unreasonably Dangerous in Construction or Composition**

28.

Plaintiffs re-allege the foregoing paragraphs.

29.

The LifeVest deviated from its intended design or from otherwise identical products manufactured by Zoll, rendering it unreasonably dangerous in construction or composition.

30.

The defect existed at the time the LifeVest left Zoll's control.

31.

During reasonably anticipated use on March 5, 2025, the LifeVest malfunctioned and delivered an inappropriate discharge, causing traumatic force to Norma Pellegrin's cervical spine.

32.

This manufacturing defect was a proximate cause of Norma Pellegrin's injuries and damages.

### Count II — Unreasonably Dangerous in Design

33.

Plaintiffs re-allege the foregoing paragraphs.

34.

The LifeVest's design created an unreasonable risk of inappropriate discharge and resulting physical trauma during normal, reasonably anticipated use.

35.

A feasible alternative design existed that would have prevented or materially reduced the risk of inappropriate discharge and resulting injury, and the alternative design's burden did not outweigh its benefits.

36.

The design defect existed when the LifeVest left Zoll's control.

37.

The design defect was a proximate cause of Norma Pellegrin's injuries and damages.

### Count III — Unreasonably Dangerous Because of Inadequate Warning

38.

Plaintiffs re-allege the foregoing paragraphs.

39.

The LifeVest was unreasonably dangerous because Zoll failed to provide adequate warnings and instructions to users and prescribing physicians regarding the risk of inappropriate

discharge and resulting physical trauma.

40.

The inadequate warning existed at the time the LifeVest left Zoll's control.

41.

Had adequate warnings been provided, Norma Pellegrin and/or her physicians would have taken additional precautions, altered use, or selected an alternative therapy, and the injury would have been avoided or mitigated.

42.

The failure to warn was a proximate cause of Norma Pellegrin's injuries and damages.

## Count IV — Unreasonably Dangerous Because of Nonconformity to Express Warranty

43.

Plaintiffs re-allege the foregoing paragraphs.

44.

.Zoll made express representations about the LifeVest's safety, performance, and suitability for its intended purpose.

45.

The LifeVest failed to conform to Zoll's express representations, rendering it unreasonably dangerous.

46.

The nonconformity existed when the LifeVest left Zoll's control.

47.

The nonconformity was a proximate cause of Norma Pellegrin's injuries and damages .

Damages

48.

As a result of the March 5, 2025 incident, Norma Pellegrin has sustained damages including, but not limited to:

a. Past and future medical expenses.

b. Past and future physical pain and suffering.

c. Mental anguish and emotional distress.

d. Loss of enjoyment of life and diminished quality of life.

49.

Plaintiff Mark Pellegrin has sustained loss of consortium, service, and society damages as a result of the injuries to his spouse.

### Prayer for Relief

**WHEREFORE**, Plaintiffs, Norma Pellegrin and Mark Pellegrin, pray that Defendant, Zoll Medical Corporation, be duly cited and served and that, after due proceedings, there be judgment in favor of Plaintiffs and against Defendant for all damages proven at trial, together with legal interest and all costs, and for all general and equitable relief to which Plaintiffs are entitled.

Respectfully submitted,

GERALD F. ARCENEAUX, APLC

GERALD F. ARCENEAUX (#28866)
Post Office Box 848
Bourg, LA 70343-0848
Telephone: (985) 594-4199
Facsimile: (985) 594-1212
Email: geraldarceneaux@outlook.com

*Counsel for Plaintiffs,*
*Norma and Mark Pellegrin*

**PLEASE SERVE:**

**ZOLL MEDICAL CORPORATION**
**Through its agent for service of process**
**Corporation Service Company**
**450 Laurel Street, 8th Floor**
**Baton Rouge, LA 70801**

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA
LA. **MAR 1 2 2026** , 20____
BY_____
Deputy Clerk of Court

FILED

MAR 0 4 2026
/S/ CHERYL L. BERGERON
DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

NORMA PELLEGRIN AND
MARK PELLEGRIN

32ND JUDICIAL DISTRICT COURT

VS. NO. _____*204738*_____

PARISH OF TERREBONNE

ZOLL MEDICAL CORPORATION

STATE OF LOUISIANA

FILED:_____

_____
DEPUTY CLERK

## REQUEST FOR WRITTEN NOTICE

**NOW COMES PLAINTIFFS**, Norma Pellegrin and Mark Pellegrin, in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, request the Clerk to give the undesigned a ten (10) day notice of signing of any Order of Judgment herein.

Plaintiffs also request written notice of the trial date set for the above-captioned case, or the date set for trial of any pleading or motions therein, at least ten (10) days before any trial date, pursuant to Article 1572 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

GERALD F. ARCENEAUX, APLC

_____
GERALD F. ARCENEAUX (#28866)
Post Office Box 848
Bourg, LA 70343-0848
Telephone: (985) 594-4199
Facsimile: (985) 594-1212
Email: geraldarceneaux@outlook.com

*Counsel for Plaintiffs,*
*Norma and Mark Pellegrin*

**FILED**

MAR 0 4 2026
/S/ CHERYL L. BERGERON

DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

*Page 1 of 1*

**Terrebonne Parish, Louisiana Clerk of Court -** Jodie P. Burton                        🔍                                    **Katie Boudreaux**

Case Display

Case Information | Event Information | Party Information | History Information |

---

### Case Information

| Case Number | Filing Date | Case Type | Filing Type | Court Type | Division | Judge | Case Status | Case Title | Judgment Date | Ledger Balance | Cash Balance | Last Deposit | Last Cost | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0204728 | 03/04/2026 | CIVIL | DAMAGES | PARISH COURT | D | DAVID W. ARCENEAUX | OPEN 03/04/2026 | NORMA PELLEGRIN VS ZOLL MEDICAL CORPORATION | | | | 3/4/2026 | | REQ FOR NOTICE(ARCENEAUX) |

Top

---

### Event Information

Top

---

### Party Information

| Party Type | Party Name | Attorney | Status | Deposits | Prepaid | Cost | Cast | Refund | Ledger | Cash Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| PLAINTIFF | PELLEGRIN, NORMA | GERALD F ARCENEAUX APLC ARCENEAUX, GERALD F P.O. BOX 848 BOURG, LA 70343 | OPEN | | | | | | | |
| PLAINTIFF | PELLEGRIN, MARK | GERALD F ARCENEAUX APLC ARCENEAUX, GERALD F P.O. BOX 848 BOURG, LA 70343 | OPEN | | | | | | | |
| DEFENDANT | ZOLL MEDICAL CORPORATION | UNASSIGNED UNASSIGNED UNASSIGNED U, LA 000000000 | OPEN | | | | | | | |

Top

---

### History Information

| Transaction Date | Post Date | Images | Minutes | Party Name | Description | Code | Check Date | Check Number | Amount | Event | Event Date | Event Status | Sealed | Flag |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/07/2026 | 04/07/2026 | | | PELLEGRIN, NORMA | FILING S/R POSTED ABOVE | CLERK | | | | | | | | Flag |
| 04/07/2026 | 04/07/2026 | 3 Pages | | PELLEGRIN, NORMA | S/R CIT (ZOLL MEDICAL CORP 3/19/2026) EBR | OTHER SHERIFF | | | | | | | | Flag |
| 03/12/2026 | 03/12/2026 | 1 Pages | | PELLEGRIN, NORMA | ISS CITATION (ZOLL MEDICAL CORPORATION/AGENT)EBR | CLERK | | | | | | | | Flag |
| 03/12/2026 | 03/12/2026 | | | PELLEGRIN, NORMA | C/C PETITION | CLERK | | | | | | | | Flag |
| 03/04/2026 | 03/05/2026 | | | PELLEGRIN, NORMA | INDEXING (3) NAMES | CLERK | | | | | | | | Flag |
| 03/04/2026 | 03/05/2026 | 1 Pages | | PELLEGRIN, NORMA | REQ FOR WRITTEN NOTICE | CLERK | | | | | | | | Flag |
| 03/04/2026 | 03/05/2026 | | | PELLEGRIN, NORMA | ALLOTMENT BY CLERK | CLERK | | | | | | | | Flag |
| 03/04/2026 | 03/05/2026 | | | PELLEGRIN, NORMA | SUPREME COURT REPORTING FEE (13:841.1) | CLERK | | | | | | | | Flag |
| 03/04/2026 | 03/05/2026 | | | PELLEGRIN, NORMA | CLERK FEE (13:4688) | CLERK | | | | | | | | Flag |
| 03/04/2026 | 03/05/2026 | | | PELLEGRIN, NORMA | JUDICIAL ADMINISTRATIVE FEE (13:4688) | LA SUPREME COURT | | | | | | | | Flag |
| 03/04/2026 | 03/05/2026 | | | PELLEGRIN, NORMA | LA JUDICIAL COLLEGE FEE (13:86) | LOUISIANA JUDICIAL COLLEGE | | | | | | | | Flag |
| 03/04/2026 | 03/05/2026 | | | PELLEGRIN, NORMA | JUDGES SUPPLEMENTAL COMPENSATION FUND (13:10.3) | JSF | | | | | | | | Flag |
| 03/04/2026 | 03/05/2026 | | | PELLEGRIN, NORMA | JUDICIAL CLERK FUND (13:996) | LCF | | | | | | | | Flag |
| 03/04/2026 | 03/05/2026 | | | PELLEGRIN, NORMA | INITIALIZATION FEE (13:841) | CLERK | | | | | | | | Flag |
| 03/04/2026 | 03/05/2026 | 6 Pages | | PELLEGRIN, NORMA | FILING OF PETITION (FEE BASED ON NUMBER OF PAGES) | CLERK | | | | | | | | Flag |
| 03/04/2026 | 03/05/2026 | 1 Pages | | PELLEGRIN, NORMA | DEPOSIT BY GERALD F. ARCENEAUX | | | | | | | | | Flag |
| 03/04/2026 | 03/05/2026 | | | ALL PARTIES | JUDGE WAS MANUALLY ASSIGNED TO JUDGE DAVID W. ARCENEAUX | | | | | | | | | Flag |
| 03/04/2026 | 03/05/2026 | | | ALL PARTIES | DIVISION WAS MANUALLY ASSIGNED TO DIVISION D | | | | | | | | | Flag |

Case 2:26-cv-00830-JVN Document 1-7 Filed 04/25/26 Page 2 of 27 of 30

Top

© 2007 - 2026 Cott Systems, Inc.
Version 1.7.29.18

Case 2:26-cv-00830-JVN Document 1-7 Filed 04/25/26 Page 2 of 27 of 30

# Michael Mims

| | |
|---|---|
| **From:** | Michael Mims |
| **Sent:** | Tuesday, April 14, 2026 2:40 PM |
| **To:** | geraldarceneaux@outlook.com |
| **Subject:** | RE: Norma Pellegrin v. Zoll Medical |

Gerald – thanks for taking my call. As we discussed, please let me know if Plaintiffs will stipulate that their damages do not exceed $75,000, exclusive of interest and costs. Thank you,

**Michael C. Mims**
Shareholder



P: 504.556.4143
mmims@liskow.com

Hancock Whitney Center | 701 Poydras Street | Suite 5000
New Orleans, Louisiana 70139
**liskow.com**

Liskow & Lewis, A Professional Law Corporation. This communication is solely for the person to whom it is addressed. It contains legally privileged and confidential information. If you are not the intended recipient, you may not forward, disclose, copy, print, or save the message or its attachments. If you have received this message in error, please notify me immediately, and please delete this message.

**From:** Michael Mims <mmims@liskow.com>
**Sent:** Friday, March 27, 2026 10:21 AM
**To:** geraldarceneaux@outlook.com
**Subject:** Norma Pellegrin v. Zoll Medical

Gerald — nice chatting with you. This will confirm our agreement that plaintiffs will allow Zoll a 30 day extension within which to file responsive pleadings. I appreciate the courtesy, and reach out anytime if I can assist. Have a nice weekend,

**Michael C. Mims**
Shareholder



P: 504.556.4143
mmims@liskow.com

Hancock Whitney Center | 701 Poydras Street | Suite 5000
New Orleans, Louisiana 70139
**liskow.com**

Case 2:26-cv-00830-LMA-JVM Document 1-4 Filed 04/20/26 Page 1 of 29 of 30

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Norma Pellegrin and Mark Pellegrin

**DEFENDANTS**

ZOLL Medical Corporation

**(b)** County of Residence of First Listed Plaintiff   Terrebonne Parish
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gerald F. Arceneaux
P.O. Box 848, Bourg, LA 70343-0848
(985) 594-4199

Attorneys *(If Known)*   Michael C. Mims (La. Bar #33991)
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
E-mail: mmims@liskow.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

### REAL PROPERTY
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☒ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

### CIVIL RIGHTS
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

### LABOR
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

### IMMIGRATION
- 462 Naturalization Application
- 465 Other Immigration Actions

### BANKRUPTCY
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

### FEDERAL TAX SUITS
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)(1)(2)

Brief description of cause:
Product liability action arising from Plaintiff Norma Pellegrin's alleged use of a ZOLL LifeVest.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
April 20, 2026

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Michael Mims*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.