# EXHIBIT 5

IN THE CIRCUIT COURT OF SEVENTH JUDICIAL CIRCUIT **FILED**
SANGAMON COUNTY, ILLINOIS

DEC 1 9 2022    59

Clerk of the
Circuit Court

| | | |
|---|---|---|
| DOSSIE MINOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2020L 000196 |
| | ) | |
| ZOLL MEDICAL CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING ZOLL MEDICAL CORPORATION'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO 735 ILCS § 5/2-619.1

On December 2, 2022, at 10:00 a.m., Plaintiff Dossie Minor and Defendant ZOLL Medical Corporation ("ZOLL") appeared via Zoom by their attorneys of record for oral argument on ZOLL's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to 735 ILCS § 5/2-619.1. The Court confined its review to the four corners and the allegations of the Second Amended Complaint and examined the Second Amended Complaint under the standards set out in 735 ILCS § 5/2-619 and 735 ILCS § 5/2-615. Under that framework, having reviewed ZOLL's moving papers, Plaintiff's brief in opposition, and ZOLL's reply brief, having considered the oral arguments of the parties, having viewed the Plaintiff's Second Amended Complaint in the light most favorable to Plaintiff, and for the reasons stated of record, ZOLL's motion is ALLOWED as follows:

1. ZOLL's request to dismiss the claims listed in Count I and Count II of Plaintiff's Second Amended Complaint is ALLOWED. Federal law creates a narrow window for a plaintiff to plead a parallel claim against manufacturers of Class III medical devices with Food and Drug Administration pre-market approval, like ZOLL, that is not preempted under federal law. *See* 21

Purchased from re:SearchIL

U.S.C. § 360c(a)(1)(C); 21 U.S.C. § 360k(a); *Riegel v. Medtronic, Inc.*, 552 U.S. 312 (2008); *Buckman Co. v. Plaintiffs' Legal Comm'n*, 531 U.S. 341 (2000). The Court has given Plaintiff three opportunities to plead facts sufficient to state a parallel claim, and the Court finds here Plaintiff has failed to do so. Because the allegations of the Second Amended Complaint, taken as true, do not plead a non-preempted parallel claim, dismissal with prejudice is appropriate under 735 ILCS § 5/2-619.

2.    Given the Court's ruling granting ZOLL's motion pursuant to 735 ILCS § 5/2-619, the Court does not reach ZOLL's arguments raised under 735 ILCS § 5/2-615.

Plaintiff's oral motions for dismissal without prejudice and leave to file a third amended complaint are DENIED, and this action is dismissed in its entirety with prejudice.

IT IS SO ORDERED.

SIGNED this 19 day of December, 2022.

Gail Noll, Circuit Judge

Copies to:

Todd L. Lindquist, Esq. - Lit1@kanoski.com
J. Tyler Robinson, Esq. - trobinson@heylroyster.com

4896-2287-3922

Purchased from re:SearchIL